IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

AVIDEH AMINIAN,                                No 3:18-cv-01395-HZ

          Plaintiff,

    v.

SOCIAL SECURITY ADMINISTRATION,                OPINION & ORDER
JAMES HAWTHORNE PROPERTY,

          Defendants

HERNANDEZ, District Judge:

Pro se Plaintiff Avideh Aminian brings action against Defendants Social Security Administration (SSA) and James Hawthorne Property. Compl. at pp. 1-2, ECF 1. Plaintiff moves to proceed *in forma pauperis*. Because she has no appreciable income or assets, I grant the motion. However, for the reasons explained below, I dismiss the Complaint.

### STANDARDS

A complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

1 - OPINION & ORDER

    (A)  the allegation of poverty is untrue; or

    (B) the action or appeal–
        (i) is frivolous or malicious;
        (ii) fails to state a claim on which relief may be granted; or
        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (sua sponte dismissals under section 1915 "spare prospective defendants the inconvenience and expense of answering" complaints which are "frivolous, malicious, or repetitive"); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by inmates). A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 325; *Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989).

## DISCUSSION

I. Allegations

In the Complaint, Plaintiff asserts that federal question is the basis for federal court jurisdiction. Compl. at p. 4. However, in the space requesting that Plaintiff list specific federal statutes, treaties, or constitutional provisions at issue in the case, Plaintiff wrote only this: "I have police report + federal trace consumer code 963-841-29 for rent [undecipherable but possibly abatement or assessment] as tenant and landlord. to protect myself as [undecipherable but possibly safely or safety]." *Id.* Although Plaintiff did not check the box for diversity jurisdiction, she did complete the section supporting such jurisdiction, indicating that James Hawthorne Property and an individual named Steve Black, who is not otherwise mentioned in the Complaint, has its principal place of business in Portland, Oregon. *Id.* at p. 5. Plaintiff also resides in Portland. *Id.*

2 - OPINION & ORDER

The Complaint itself contains no other facts at all. In an Exhibit to the Complaint, Plaintiff mentions a letter sent to her by the SSA on or about July 20, 2018, and some action on July 19, 2018 by the property management company regarding a "wrong violation." Compl., Ex. 1 at p. 1, ECF 1-2. Additional pages to the Exhibit include a rental agreement between Plaintiff and "Infinity Property Management" of Sherwood, Oregon regarding a property named "Bridgeview/James Hawthorne," with an address of 1508 S.W. 13th Avenue in Portland, for a fixed lease term of July 29, 2013 to January 31, 2014. *Id.* at p. 2. The next page shows a lease term from March 1, 2014 to August 31, 2014. *Id.* There is a handwritten note at the bottom of that page indicating that as of March 8, 2016, Plaintiff still lived at the property. *Id.* at p. 3.

Pages four and five of the Exhibit are a July 20, 2018 letter to Plaintiff from the SSA regarding an overpayment and setting an appointment for August 2, 2018 at offices in Portland. *Id.* at p. 4-5. Page six is a July 19, 2018 ten-day cease and desist violation from Horizon Property Management accusing Plaintiff of violating a staff member's "space," and noting other conduct by Plaintiff. *Id.* at p. 6. Based on the violation, Plaintiff was given a ten-day cease and desist violation notice, with a move-out date of July 31, 2018. *Id.* The last page of the Exhibit submitted with the Complaint is a January 24, 2014 letter from DoveLewis Emergency Animal Hospital thanking Plaintiff for a donation. *Id.* at p. 7.

On August 10, 2018, Plaintiff filed additional Exhibits to the Complaint. ECF 7. The first page mentions something about staying and visiting a provider at Oregon Health & Sciences University (OHSU) plus "lab + exam's" for health care. *Id.* at p. 1. She also makes an allegation that the James Hawthorne property is a "fraud business" and mentions a "scam paper from eviction." *Id.* The next four pages are records of a bank account in Plaintiff's name at Banner

Bank. *Id.* at pp. 2-5. The next several pages include copies of a residential eviction summons and complaint from Multnomah County Circuit Court. *Id.* at pp. 6-12. There is also another copy of the July 19, 2018 cease and desist letter from Horizon Property Management that was in the first Exhibit filed on July 25, 2018. *Id.* at p. 13. Finally, there is an undated letter to Plaintiff from OHSU seeking her feedback for care she received from a particular provider. *Id.* at 14.

II. Discussion

The Complaint and all exhibits submitted by Plaintiff do not articulate a discernable claim. "The Federal Rules of Civil Procedure describe 'a liberal system of notice pleading.'" *Walsh v. Nev. Dep't of Human Resources*, 471 F.3d 1033, 1036 (9th Cir. 2006) (quoting *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993)). This notice pleading system "requires a complaint to contain (1) a statement of jurisdiction, (2) 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and (3) 'a demand for judgment for the relief the pleader seeks.'" *Id.* (quoting Rule 8(a)).

"[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (citation, internal quotation marks, and brackets omitted).

The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (internal quotation marks omitted). Additionally, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. The complaint must contain "well-pleaded facts" which "permit the court to infer more than the mere possibility of misconduct[.]" *Id.*

In this case, the Complaint and the Exhibits have insufficient factual matter to state a claim for relief. There are untethered allegations, often conclusory in nature, which are so lacking in specific factual content that the Court cannot conclude what the claims actually are or that any of the defendants are liable for misconduct. Thus, the Complaint fails to state a claim under *Iqbal*.

Additionally, construing the documents as best as possible in support of a cognizable legal theory or theories, the Complaint must be dismissed because it fails to establish jurisdiction. "Federal courts are courts of limited jurisdiction." *Corral v. Select Portfolio Serving, Inc.*, 878 F.3d 770, 773 (9th Cir. 2017) (internal quotation marks omitted). Federal jurisdiction may be based on the presence of a federal question or on diversity of citizenship. 28 U.S.C. §§ 1331, 1332.

As to federal question, the only possible federal claim apparent from the Complaint and the Exhibits is a dispute over what the SSA believes to be an overpayment to Plaintiff. The only evidence in the record is the July 20, 2018 letter from the SSA asking Plaintiff to come to the local office to discuss the issue. The United States and its agencies, including the SSA, have immunity from suit absent waiver. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994). The Act waives the SSA's sovereign immunity in limited circumstances. As to claims arising under Title II of the Act, federal courts may review "final decisions" of the SSA. *See* 42 U.S.C. §§ 405(g) &

(h). Specifically. 42 U.S.C. § 405(g) of the Act provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action. . . ." 42 U.S.C. § 405(g). 42 U.S.C. § 405(h) limits judicial review to the review permitted under § 405(g). It mandates that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided. No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." 42 U.S.C. § 405(h). In essence, the statute provides that an individual may obtain review of the SSA's decision in federal court only after a "final decision" of the SSA made after a "hearing."

To support jurisdiction, the individual must have presented his or her claim to the SSA. *See Grice v. Colvin*, 97 F. Supp. 3d 684, 699 (D. Md. 2015) (explaining that § 405(g) requires presentment, which is not waivable, and exhaustion, which may be waived). When a claimant does not contest a notice of overpayment, seek waiver, or respond in any way, the claimant fails to present the claim to the agency. *Id.* at 701-02 (citing cases). Based on the record, Plaintiff fails to show that she presented her claim contesting the overpayment notice to the SSA and exhausted the SSA's administrative remedies. Thus, this Court lacks federal subject matter jurisdiction over this claim.

The other possible claims involve state landlord-tenant law. No federal claim is discernable from the allegations and the documents. While federal subject matter jurisdiction may be based on diversity of citizenship, the only evidence in the record is that both Plaintiff and the property management company are citizens of Oregon. Because they are not citizens of

different states, there is no diversity jurisdiction. There is also no basis for determining that any landlord-tenant controversy involves more than $75,000, an additional diversity jurisdiction requirement.

## CONCLUSION

I grant Plaintiff's amended motion to proceed *in forma pauperis* [6]. Because Plaintiff fails to state a claim, I dismiss the Complaint [1]. Although I have serious doubts that Plaintiff can articulate a claim supporting federal court jurisdiction, I give Plaintiff leave to amend. Any amended complaint is due within fourteen (14) days of the date of this Opinion. Failure to file an amended pleading by that time will result in dismissal of this action. The Clerk's Office is directed to withhold issuance of any summons until further order of the Court. Plaintiff's motion for appointment of counsel [3] is denied. Given Plaintiff's claims, there is little likelihood of success on the merits and appointment of counsel is not warranted.

IT IS SO ORDERED.

Dated this 14 day of Sept, 2018

Marco A. Hernandez
United States District Judge